# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES E. SIGLEY,

      Petitioner,

v.                                          Civil Action No. 3:07cv76
                                                 (Judge Bailey)

THOMAS MCBRIDE, Warden,

      Respondent.

## OPINION/REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. In the petition, the petitioner challenges a 1989 conviction and sentence imposed by the Circuit Court of Marion County, West Virginia, in case number 88-F-81. After the petitioner paid the required filing fee, the undersigned conducted a preliminary review of the file and directed the respondent to show cause on the limited issue of the timeliness of the petition. However, it has since become clear that the instant petition is the petitioner's fourth § 2254 petition with regard to the aforementioned criminal case, and is therefore, subject to summary dismissal as a successive petition. Accordingly, the show cause order (dckt. 8) is **RESCINDED** and this Opinion/Report and Recommendation takes its place.

### I.   Factual and Procedural History

**A.**   **Petitioner's Conviction and Sentence**

In January 1989, the petitioner was convicted in the Circuit Court of Marion County of first degree sexual assault, second degree sexual assault and incest. See 1:04cv198, dckt. 11 at 1. On February 24, 1989, the petitioner was sentenced to 15 to 25 years for the first degree sexual assault

conviction, 10 to 20 years for the second degree assault conviction and 5 to 10 years for the incest conviction, the sentences to run consecutively. Id. at 1-2.

**B. Direct Appeal**

The petitioner's appeal of his conviction and sentence was refused by the West Virginia Supreme Court of Appeals ("WVSCA") on October 16, 1990. Id. at 2.

**C. State Habeas Petition**

The petitioner filed a state petition for writ of habeas corpus. Id. Petitioner's state petition was refused by the circuit court on March 30, 1993. Id. Although the petitioner appealed the denial of his state petition, his appeal was refused by the WVSCA on September 29, 1993. Id.

**D. Petitioners' First Federal Habeas Petition**

On March 19, 1994, the petitioner filed a § 2254 habeas corpus action in this Court challenging his conviction in Marion County case number 88-F-81. See 2:94cv27. In his petition, the petitioner asserted that he was denied a fair trial and that he was denied due process during his state habeas proceedings. On March 28, 1995, the Court granted summary judgment for the respondent and dismissed the petition. Petitioner's appeal was dismissed by the Fourth Circuit on September 14, 1995.

**E. Petitioners' Second Federal Habeas Petition**

On July 9, 2002, the petitioner filed a second § 2254 action in this Court challenging Marion County case number 88-F-81. See 1:02cv99. In his second petition, the petitioner asserted that the Marion County Circuit Court failed to turn over the full record, that he had obtained a tape recording that would prove his innocence, that the prosecutor had used improper evidence to convict him and ineffective assistance of counsel. On March 31, 2003, this Court found that the petitioner's second

§ 2254 action was untimely and successive. Petitioner's appeal of that Order was dismissed by the Fourth Circuit on June 5, 2003.

**F.     Petitioners' Third Federal Habeas Petition**

On September 7, 2004, the petitioner filed a third § 2254 petition with this Court challenging Marion County case number 88-F-81. See 1:04cv198. In that case, the petitioner asserted that the state court had failed to turn over the full record in 00-C-197 on state habeas, that a tape recording proves his innocence, and that the victim was forced to give false testimony. Petitioner also filed several supplements and addendums raising other claims for relief. On January 10, 2006, the Court dismissed the petition as a successive petition. Petitioner's appeal to the Fourth Circuit was dismissed on June 29, 2006.

**G.     Petitioners' Fourth Federal Habeas Petition**

The petitioner initiated the instant case on June 19, 2006. In the petition, the petitioner asserts that the state failed to turn over the full and true record in case number 88-F-81.

## II.     Analysis

As noted in the Orders denying the petitioner's second and third federal habeas petitions, Title 28 U.S.C. § 2244 (b) provides that:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the

3

> evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Here, the petitioner has filed three previous § 2254 petitions in this Court challenging the same conviction and sentence at issue in the instant case. Petitioner's second and third petitions were found to be successive and untimely and were dismissed for those reasons. See United States v. Winestock, 340 F.3d 200, 2005 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). The petitioner's claims in this case are both abusive and repetitive and the petitioner has still not obtained authorization to file a second or successive federal habeas petition from the Fourth Circuit Court of Appeals. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2254, this Court is without authority to hear the instant case.

### III. Recommendation

For the foregoing reasons, it is recommended that the petitioner's § 2254 petition be DENIED and DISMISSED with prejudice as successive.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S.

140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: October 5, 2007.

/s *John S. Kaull*

JOHN S. KAULL  
UNITED STATES MAGISTRATE JUDGE